**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MILTON LEWIS

    Petitioner,

v.                                          Case No. 15-12344

CARMEN D. PALMER

    Respondent.
                                           /

**OPINION AND ORDER 1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, 2) DENYING MOTION FOR STAY, AND 3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Milton Lewis, a state prisoner incarcerated at the Ionia Maximum Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was convicted after a trial in the Wayne Circuit Court of two counts of first-degree murder, Michigan Compiled Laws (MCL) 750.316, three counts of armed robbery, MCL 750.529, and commission of a felony with a firearm, MCL 750.227b. The petition claims that Petitioner's appellate counsel was ineffective for failing to raise a claim that Petitioner's rights under the Double Jeopardy Clause of the Fifth Amendment were violated when he was sentenced for both his murder and armed robbery convictions. The petition acknowledges that this claim was not presented to the state courts in Petitioner's direct appeal, and Petitioner presents a motion to stay the case so that he can return to the state courts to present the claim in a motion for relief from judgment under Michigan Court Rule 6.501. For the reasons stated below, the court will deny both requests.

## I. STANDARD

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." COMM. ON RULES OF PRACTICE AND PROCEDURE OF THE JUDICIAL CONFERENCE OF THE U.S., RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS 4 (2010). If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998). However, the Supreme Court has held that, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

## II. DISCUSSION

### A. Habeas Corpus Petition

Petitioner's application for habeas relief contains a single claim, and it is frivolous. Therefore, the petition will be dismissed and the motion to stay will be denied. While Petitioner acknowledges that his claim is unexhausted, under 28 U.S.C. §2254(b)(2), the court may deny a claim on the merits.

2

Petitioner asserts that his appellate counsel was ineffective for failing to raise a claim during his direct appeal that his right against double jeopardy was violated when the trial court imposed sentences for both his felony-murder convictions and his armed robbery convictions. Petitioner's double jeopardy claim is completely without merit. "[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit," *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Schiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

However, in the context of multiple punishments, the Double Jeopardy Clause does not prohibit a state from defining one act of conduct to constitute two separate criminal offenses. As the Supreme Court has explained, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature . . ., the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Thus,

3

"even if the two statutes proscribe the same conduct, the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the state legislature clearly intends to impose them." *Brimmage v. Sumner*, 793 F.2d 1014, 1015 (9th Cir. 1986). As the Supreme Court explained, when "a legislature specifically authorizes cumulative punishments under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). In determining whether the Michigan legislature intended to authorize separate, cumulative punishments in the circumstances present here, the court "must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments[.]" *Brimmage*, 793 F.2d at 1015; see also, *Hunter*, 459 U.S. at 368.

Thus, the question is whether the Michigan Legislature intended that convictions for felony murder and the underlying predicate felony gives rise to separate criminal liability; if so, the "court's inquiry is at an end" and there is no double jeopardy violation. *Johnson*, 467 U.S at 499 n.8. In making this determination, the court is bound by the Michigan courts' interpretation of state law. See *Rodgers v. Bock*, 49 Fed. Appx. 596, 597 (6th Cir. 2002); *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). In *People v. Ream*, 481 Mich. 223 (2008), the Michigan Supreme Court concluded that the Michigan legislature intended to authorize multiple punishments upon conviction for first degree felony murder and the underlying felony. Because the Michigan Supreme Court has made this determination of the Michigan legislature's intent, this "court's inquiry is at an end" and there is no double jeopardy violation. *Johnson*, 467 U.S at 499 n.8. Accordingly, Petitioner is not entitled to habeas relief on this claim. See *Berry v.*

4

*Capello*, No. 10-11398, 2012 WL 4450049, at *8 (E.D. Mich. Sept. 26, 2012) (Roberts, J.).

### B. Motion to Stay

Petitioner filed a motion to stay this case to present his unexhausted double jeopardy claim to the state courts. A stay requires a showing of "good cause," which is not present if the unexhausted claim is "plainly meritless." *Rhines*, 544 U.S. at 278. Because Petitioner's unexhausted claim is plainly meritless, he has not demonstrated good cause for a stay. Petitioner's motion will therefore be denied.

### C. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition should be summarily denied because his unexhausted claim is plainly meritless. Therefore, the court denies a certificate of

5

appealability. Furthermore, leave to appeal *in forma pauperis* will be denied because any appeal of this order would be frivolous.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **SUMMARILY DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to proceed on appeal *in forma pauperis* is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to stay is **DENIED.**


        s/ Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  February 4, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 4, 2016, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522